

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*Patricia McLane*
*Assistant United States Attorney*
*Patricia.McLane@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4942*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

November 21, 2025

The Honorable Julie R. Rubin
United States District Court Judge
District of Maryland
Edward A. Garmatz United States District Courthouse
101 W. Lombard Street
Baltimore, MD 21201

      Re:    Sentencing in *United States v. Jokolby Cooper*
               Crim. No. JRR-25-135

Dear Judge Rubin:

      The Defendant, Jokolby Cooper, is scheduled for a sentencing hearing on December 10, 2025, at 10 a.m. The Government offers this very brief sentencing letter in advance of the hearing to support the joint request, pursuant to Rule 11(c)(1)(C), for a sentence of 37 months' imprisonment. In sum, the sentence is sufficient but not greater than necessary to satisfy the factors under 18 U.S.C. § 3553(a). Mr. Cooper immediately admitted responsibility and the Government saved resources and time because of this decision. Moreover, Mr. Cooper's sentence is squarely within the Guidelines.

## I. UNITED STATES SENTENCING GUIDELINES

      The Government agrees with the sentencing guidelines calculation laid out in the Presentence Investigation Report ("PSR"). ECF 28. Specifically, the base offense level is 14 pursuant to United States Sentencing Guidelines ("U.S.S.G.") §2K2.1(a)(6). *Id.* at ¶ 17. A two-level enhancement applies pursuant to §3C1.2 because Mr. Cooper engaged the police in a vehicle chase that ended when Mr. Cooper T-boned the vehicle of another. The driver of the T-boned vehicle was not seriously injured but the enhancement applies because there were injuries; more importantly, the reckless way Mr. Cooper drove put everyone on the road at risk. *Id.* ¶ 21. Accordingly, the adjusted offense level is 16. *Id.* ¶ 22.

      A two-level decrease shall apply for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a); and the Government shall move for an additional level off for timely notice of acceptance under §3E1.1(b). Therefore, the final offense level is 13. *Id.* ¶ 26.

The Government further agrees with the criminal history computation in the PSR, although it is bound to the criminal history the parties agreed to in the Plea Agreement. The PSR categorizes Mr. Cooper with a criminal history of VI while the parties believed his criminal history category to be a V. *Id.* ¶ 37; *see also* Plea Agreement at ¶ 7. Regardless, the 37-month term of imprisonment falls within both sets of Guidelines; specifically, the PSR has a range of 33-41 months while the parties calculated the Guidelines range as 30-37 months.

## II. THE RELEVANT SECTION 3553(a) FACTORS

A sentence of 37 months' imprisonment is appropriate because this is not Mr. Cooper's first conviction. He committed this crime while on court supervision in two other matters. PSR ¶ 36. 37 months will be the longest term of imprisonment for an individual who has the highest criminal history category. A period of incarceration is necessary to provide just punishment, afford adequate deterrence, and protect the public. The Government believes this sentence is significant but not greater than necessary.

### A. Nature and Circumstances of the Offense, the Seriousness of the Offense, and the Need to Protect the Public from Further Crimes of the Defendant

The nature and circumstances of the offense are serious especially in Baltimore where firearm use is frequent and deadly. Mr. Cooper knew he could not possess a firearm and dismantled it during the chase, throwing it out the windows of the vehicle as he led Baltimore City police officers through the streets of Baltimore City. The officers diligently reviewed footage from the police helicopter enlisted in the chase and they found all the firearm pieces. Mr. Cooper struck an uninvolved citizen (captured on body worn camera) and jeopardized his family's Christmas celebration as presents were in the truck of Mr. Cooper's vehicle. The police officers allowed a family member to collect the gifts, but Mr. Cooper spent that night, and the holidays, incarcerated.

It is unclear to the Government why Mr. Cooper has racked up such a large criminal history at the age of 27. But what is clear is that the public needs to be protected from future crimes committed by Mr. Cooper because he shows no signs of slowing down.

### B. History and Characteristics of the Offender

Mr. Cooper's lack of familial support and education are unfortunately not unique in this Courthouse. But no amount of mitigation excuses his lengthy criminal history which spans years and jurisdictions. Mr. Cooper was on supervision in two cases, in two jurisdictions, at the time of the instant offense. But it made no difference to him. He still illegally possessed a firearm, attempted to get rid of it in a very unsafe way, and caused an injury to an innocent civilian while attempting to flee the police. It is significant that he possessed a firearm while under court supervision. This shows a complete and utter lack of respect for the judicial system, the law, and the community. However, Mr. Cooper's quick acceptance of guilt in this case is laudable. Perhaps he is turning a corner and realizes his actions have consequences.

The need for services is apparent. 37 months' incarceration will provide time for Mr. Cooper to focus on a career and gain important skills to prosper upon release.

**C. The Need to Afford Adequate Deterrence.**

Taking deterrence into account, a 37-month sentence is the appropriate sentence in this case. As previously stated, Mr. Cooper has never served any appreciable time in prison prior to his arrest in December 2024. This amount of incarceration is warranted because of the seriousness of the crime he admits to committing and is significant for a man of 27 who had previously served minimal time.

## IV. CONCLUSION

For these reasons, the Government respectfully submits that a sentence of 37-months' imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a).

Very truly yours,

Kelly O. Hayes
United States Attorney

_____/s/_____
Patricia McLane
Assistant United States Attorney